[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff brings this action to recover from the defendant the sum of $5,500, plus interest, which she furnished to the defendant. The defendant claims that said amount was furnished to her as a gift and hence there are no sums due and owing to the plaintiff.
The court finds the following facts.
The defendant is the mother of two children. Both of the children were fathered by the plaintiff's son. The plaintiff rented to her son and the defendant an apartment at premises owned by the plaintiff. The furnishing of the apartment to the defendant, the son, and their one infant child was at no expense to the defendant. The payment of the rent was to be the responsibility of the son. No claim is being made against the defendant for any sum for rent.
In October 1994 the defendant had accumulated substantial obligations. She was repaying a loan on the auto she purchase. She was behind on her credit card obligations. The defendant was having difficulty paying for utilities. She was working only part-time pending the birth of her second child. After anticipated date of delivery she intended to return to work in CT Page 5599 January, 1995.
The defendant explored the possibility of obtaining a bank loan to consolidate debts, which would have alleviated the immediate pressure of the pressing debts. She thought about getting a bank loan, and had talked briefly about it with her sister, who had some knowledge of banking. She approached the plaintiff about the plaintiff co-signing a bank loan note for her.
The plaintiff, after conferring with her husband, determined that she was not willing to but rather decided to, and did, offer to lend the money to the defendant at 7% interest, which would provide the defendant with a lower rate of interest than that usually charged by a bank.
The three, plaintiff, her husband Eugene Dowgiewicz, and the defendant met together in the kitchen. All agreed that the loan was to be made in the amount of $5,500.00 at 7% interest payable monthly over a period of two years. The payment was to be $246 plus some change (26 cents) each month. The payments were to commence in January, 1995, which was the anticipated time of the defendant's return to full-time work after the anticipated birth of the second child. The defendant was very happy about this arrangement.
On October 3, 1994 the plaintiff withdrew the $5,500.00 from her bank account and it was transferred to the defendant's bank account. The funds were used to pay off the car, Sears and Master Card.
The defendant made no payments on the loan, although she did return to work in January. In February 1995 the plaintiff discussed this with the defendant. The defendant said she would try to do so. The plaintiff offered to accept interest only for the time being to make this easier for the defendant. The defendant still made no payments.
On numerous occasions thereafter the plaintiff asked for the payments to commence. The defendant's only proffered reason for not paying back the loan was that she could not afford it. The defendant has never stated to the plaintiff or indicated to the plaintiff that she, the defendant thought that the furnishing of the funds was a gift. Although the plaintiff has from time to time made small gifts to the defendant, as has the plaintiff's CT Page 5600 husband, in the nature of holiday gifts, food, automobile gasoline and the like, as may be expected in circumstances of this nature, the plaintiff has never undertaken to make any gift of substantial sums of money. This sums involved herein are more than sixty percent of the entire balance of the plaintiff's account from which it was withdrawn.
The court does not credit the defendant's contention that the demand for re-payment, through this suit, is in retaliation for the defendant's seeking child support from the son, from whom she is estranged, and hence support her contention that the funds were a gift. The demand for repayment commenced and persisted prior to that event.
The court finds the issues for the plaintiff. The $5,500 was a loan at 7% interest. The court enters judgment in the amount of $6,783.33, consisting of $5,500.00 principal; interest from January 1, 1985 (the first date of agreed payment) to January 1, 1998, of $1,155.00; and interest to April 30, 1998 (120 days x $1.0694 per diem) of $128.33.
Judgment enters for the plaintiff in the amount of $6,783.33. The request to add a special defense of the defendant, General Statutes § 52-550, Statute of Frauds, was withdrawn by the defendant at the commencement of trial.
L. Paul Sullivan, J.